

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-90,930-01

**EX PARTE JOHN VAUGHN, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-00320-CRF-85-A IN THE 85TH DISTRICT COURT FROM BRAZOS COUNTY

***Per curiam.***

## O P I N I O N

Applicant was convicted of aggravated assault and sentenced to two years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Vaughn v. State*, No. 10-17-00158-CR (Tex. App.—Waco Dec. 12, 2018)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that trial counsel was ineffective during his punishment hearing because he failed to call medical experts to explain his multiple psychological and medical issues. Based on the record, the trial court has determined that trial counsel's performance was deficient and that Applicant was prejudiced. All parties agree that Applicant should be entitled to a new punishment

hearing.

We agree.  Relief is granted.  *Miller v. Dretke*, 420 F.3d 356 (5th Cir. 2005);  *Strickland v. Washington*, 466 U.S. 668 (1984).  The sentence in cause number 15-00320-CRF-85 in the 85th District Court of Brazos County is set aside, and Applicant is remanded to the custody of the Sheriff of Brazos County for a new punishment hearing.  The trial court shall issue any necessary bench warrant within ten days from the date of this Court's mandate.

Applicant's grounds attacking the guilt/innocence phase of trial are denied.  Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and the Board of Pardons and Paroles.


Delivered: March 11, 2020
Do not publish